T.C. Memo. 2004-172

UNITED STATES TAX COURT

TIM W. HOLLIDAY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13020-02L.                    Filed July 22, 2004.

Tim W. Holliday, pro se.

<u>Laurel M. Costen,</u> for respondent.

MEMORANDUM OPINION

GALE, <u>Judge</u>:  This case arises from a petition for review
under section 6330(d)[1] of respondent's determination to proceed
with a proposed levy to collect petitioner's 1992, 1993, 1994,
1995, 1996, 1997, and 1998 Federal income tax liabilities.  The

_____

[1] Unless otherwise noted, section references are to the
Internal Revenue Code as amended.

issue for decision is whether respondent may proceed with the proposed levy.  We hold that he may.

## Background

Petitioner was a resident of American Canyon, California, when his petition was filed.

Petitioner timely filed a 1992 individual Federal income tax return reporting tax due of $716.  After correcting the return for computational and clerical errors, respondent assessed the tax due thereon of $1,061 on June 7, 1993.

Petitioner did not timely file a Federal income tax return for 1993 or 1995.  On October 6, 1997, respondent prepared a substitute for return for each year, and on May 18, 1998, respondent assessed tax of $2,903 for 1993 and $6,138 for 1995.[2] Petitioner filed 1993 and 1995 individual Federal income tax returns on September 21 and 18, 1998, respectively.  Respondent subsequently abated the assessment for each year to reflect the tax reported on petitioner's returns after correcting for computational and clerical errors.

Petitioner filed a 1994 individual Federal income tax return on September 21, 1998; an assessment of $2,974 was made with respect to that return.

---

[2] Respondent concedes that notices of deficiency for these years were not received by petitioner.

Petitioner did not timely file a Federal income tax return for 1996. On September 14, 1998, respondent prepared a substitute for return, and 3 days later petitioner submitted a return that was filed as an amended return. The return petitioner submitted reported $5,805 of tax due, which respondent assessed.

Petitioner timely filed 1997 and 1998 individual Federal income tax returns, reporting tax due of $7,037 and $7,842, respectively, which respondent assessed.

On September 21, 2000, petitioner filed amended returns for 1993, 1994, 1995, 1996, and 1997 reporting the tax due on each amended return as zero. Respondent treated these amended returns as claims for refund and denied them.

On April 9, 2001, respondent issued a Letter 1058, Final Notice, Notice of Intent to Levy and Notice of Your Right to a Hearing, to petitioner for the unpaid balances of the aforementioned assessments for the tax years 1992, 1993, 1994, 1995, 1996, 1997, and 1998. On May 1, 2001, petitioner submitted to respondent a Form 12153, Request for a Collection Due Process Hearing. In his request, petitioner advised that he would have a stenographer present at the hearing.

By letter dated May 3, 2002, the Appeals officer advised petitioner that neither stenographic nor audio recording of the hearing would be permitted. A hearing was held on May 22, 2002,

during which petitioner was not permitted to make an audio or stenographic recording. The Appeals officer also refused to consider petitioner's arguments related to the underlying tax liabilities covered by the levy notice.

On July 11, 2002, a notice of determination concerning collection action(s) under section 6320 and/or 6330 was mailed to petitioner in which the Appeals officer recommended proceeding with the levy. On August 12, 2002, petitioner timely petitioned this Court for review of the determination.

## Discussion

Section 6331(a) provides that, if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, the Secretary is authorized to collect such tax by levy upon property belonging to the taxpayer. Section 6331(d) provides that the Secretary is obliged to provide the taxpayer with notice, including notice of the administrative appeals available to the taxpayer, before proceeding with collection by levy.

Section 6330 generally provides that the Secretary cannot proceed with the collection of taxes by way of a levy on a taxpayer's property until the taxpayer has been given notice of, and the opportunity for, an administrative review of the matter (in the form of an Appeals Office hearing) and, if dissatisfied, with judicial review of the administrative determination. See

Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, 114 T.C. 176, 179-180 (2000). Section 6330(c)(2) specifies issues that the taxpayer may raise at the hearing. The taxpayer may raise "any relevant issue relating to the unpaid tax or the proposed levy" including spousal defenses, challenges to the appropriateness of collection actions, and alternatives to collection. Sec. 6330(c)(2)(A). The taxpayer also may challenge the underlying tax liability if the taxpayer did not receive a statutory notice of deficiency or did not otherwise have an opportunity to dispute the tax liability. Sec. 6330(c)(2)(B). Section 6330(c)(3) provides that the determination of the Appeals officer shall take into consideration, inter alia, the issues raised by the taxpayer. We review the determination de novo when the underlying tax liability is in dispute, Goza v. Commissioner, supra at 181-182, and under an abuse of discretion standard when it is not, Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, supra at 182.

Two of the principal arguments petitioner raises are that he did not receive the hearing to which he was entitled under section 6330 because he was not permitted to record the hearing and that the Appeals officer refused to consider arguments pertaining to the underlying tax liabilities (because petitioner reported those liabilities as due on his returns). The hearing in this case was conducted, and the determination issued, before

our Opinions in <u>Keene v. Commissioner</u>, 121 T.C. 8 (2003), and <u>Montgomery v. Commissioner</u>, 122 T.C. 1 (2004), in which we held, respectively, that a taxpayer in a section 6330 hearing is entitled to make an audio recording thereof, and to dispute the underlying tax liability even where the taxpayer reported the liability as due on his return.[3] At trial, we afforded petitioner the opportunity to raise any issue he considered relevant to the proposed levy or the underlying tax liabilities.[4] We consider those arguments below.

Petitioner argues that the notice of determination was invalid, and we therefore lack jurisdiction, because the hearing he received was defective in several respects. We disagree. The defects in the hearing alleged by petitioner do not invalidate the notice and deprive us of jurisdiction. See <u>Lunsford v. Commissioner</u>, 117 T.C. 159, 164 (2001).

---

[3] Certain portions of the underlying tax liabilities were attributable to adjustments respondent made pursuant to sec. 6213(b)(1). However, we do not consider whether, pursuant to sec. 6213(b)(2), petitioner previously had an "opportunity to dispute" these portions within the meaning of sec. 6330(c)(2)(B) because in this proceeding petitioner has, in any event, raised only meritless arguments with respect to his underlying tax liabilities.

[4] In light of the fact that petitioner sought, but was denied, recordation of the hearing, we resolve all doubts in petitioner's favor, treating any issue or argument he raised at trial or in any written submission as having been raised at his hearing.

Petitioner next argues that his hearing was invalid and collection may not proceed because the Appeals officer refused to provide him with verification, and did not verify at the hearing, that the requirements of any applicable law or administrative procedure were met, as required under section 6330(c)(1). Petitioner admitted in his petition and at trial that, at the hearing, the Appeals officer would not allow petitioner to see the Appeals officer's copies of the transcripts of account. On the basis of the foregoing, we are satisfied that the Appeals officer obtained verification at the hearing; he was not required to provide any such verification to petitioner. See Nestor v. Commissioner, 118 T.C. 162, 166-167 (2002).

Petitioner next claims that he did not receive notice and demand for payment (as required by section 6303(a)) with respect to the liabilities for any of the taxable years in question, and that the Appeals officer did not consider his contentions in this regard. Petitioner's claim of nonreceipt is belied by the certified copies of Forms 4340, Certificate of Assessments, Payments and Other Specified Matters, in evidence for each year, which show that statutory notices of balance due were issued for each year. Absent some showing of irregularity in the Forms 4340, which petitioner has not made, those records serve as presumptive evidence that notice and demand pursuant to section 6303(a) was mailed to petitioner. See Hansen v. United States, 7

F.3d 137, 138 (9th Cir. 1993); <u>United States v. Chila</u>, 871 F.2d 1015, 1019 (11th Cir. 1989); <u>Craig v. Commissioner</u>, 119 T.C. 252, 261-262 (2002). Respondent also relies on the notice of intent to levy issued in this case as satisfying section 6303(a). See <u>Hughes v. United States</u>, 953 F.2d 531, 536 (9th Cir. 1992); <u>Standifird v. Commissioner</u>, T.C. Memo. 2002-245, affd. 72 Fed. Appx. 729 (9th Cir. 2003). In light of the Appeals officer's review of the transcripts of account, we are satisfied that he obtained sufficient verification that the requirements of applicable laws and procedures had been met.

Petitioner also advanced a claim at trial that the period of limitations for collection of his 1992 liability had expired. The period for collection following assessment is 10 years. Sec. 6502(a). If a hearing is requested under section 6330(a)(3)(B), the running of the period of limitations for collection is suspended for the period during which the hearing, and appeals therein, are pending. Sec. 6330(e)(1); <u>Boyd v. Commissioner</u>, 117 T.C. 127, 130-131 (2001). Further, the period for collection shall not expire before the 90th day after the day on which there is a final determination in the hearing. Sec. 6330(e)(1). Petitioner's 1992 liability was assessed on June 7, 1993, and petitioner requested a hearing under section 6330(a)(3)(B) on May 1, 2001; i.e., within the 10-year period following the June 7,

1993, assessment. Accordingly, the period of limitations for collection of petitioner's 1992 liability is suspended and has not expired.

Further, with respect to the underlying tax liabilities, petitioner contends that he asked the Appeals officer to tell him which Internal Revenue Code section makes him liable for tax and whether that section is within subtitle A. Petitioner further claims that he inquired as to what "legislative regulation" makes him liable for interest. In both instances, the Appeals officer apparently refused to consider these inquiries. These are frivolous issues that the Appeals officer might have responded to but was certainly not required to consider. Suffice it to say that petitioner reported wage income for each of the years in question and such income is taxable pursuant to sections 1(a)-(c), 61(a)(1), and 62. See also United States v. Romero, 640 F.2d 1014, 1016 (9th Cir. 1981). As to petitioner's interest liability, section 6601 provides for the imposition of interest on unpaid tax liabilities, and section 6601(g) provides for the assessment and collection of that interest. See also sec. 301.6601-1, Proced. & Admin. Regs. In sum, the challenges to the existence or amount of the underlying tax liabilities that petitioner advanced either at his hearing or in the instant proceeding are meritless.

Finally, petitioner raised a frivolous argument to the effect that there had been no delegation of authority from the

Secretary to issue the notice concerning his hearing under section 6330 or to conduct it, and accordingly his hearing was null and void for want of notice from, or its conduct by, the Secretary himself. For the purposes presented here, the Secretary has delegated the authority to issue a final notice of intent to levy to certain IRS employees. See Delegation Order 191 (Rev. 3), effective June 11, 2001, Internal Revenue Manual, sec. 1.2.2.5.3; see also Craig v. Commissioner, 119 T.C. 252, 263 (2002). The statute itself provides that the hearing is to be conducted by an officer or employee of the IRS Office of Appeals, not the Secretary. Sec. 6330(b)(1), (3).

Having considered all of petitioner's arguments and found them meritless, we conclude that the Appeals officer's failure to permit petitioner to make an audio or other recording of his hearing was harmless error. Similarly, since petitioner has raised only meritless arguments with respect to the underlying tax liabilities, the Appeals officer's refusal to consider arguments concerning the underlying tax liabilities was also harmless error. In these circumstances, we do not believe it is "either necessary or productive" to remand this case for a recorded hearing where an Appeals officer might consider petitioner's meritless arguments concerning his underlying tax liabilities. See Lunsford v. Commissioner, 117 T.C. at 183, 189; see also Keene v. Commissioner, 121 T.C. at 19-20; Kemper v. Commissioner, T.C. Memo. 2003-195. As petitioner has not raised

a spousal defense, challenged the appropriateness of collection actions, or offered collection alternatives, and the arguments he has raised are meritless, we sustain respondent's determination to proceed with the levy at issue. To reflect the foregoing,

<u>Decision will be entered for</u> <u>respondent</u>.