T.C. Memo. 2005-240

UNITED STATES TAX COURT

TIM W. HOLLIDAY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6330-04L.                    Filed October 12, 2005.

Tim W. Holliday, pro se.

<u>Laurel M. Costen</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HAINES, <u>Judge</u>:  The petition in this case was filed in
response to a Notice of Determination Concerning Collection
Actions(s) Under Section 6320 and/or 6330 (notice of
determination).[1]  Pursuant to section 6330(d), petitioner seeks

_____

[1]  Unless otherwise indicated, all Rule references are to
the Tax Court Rules of Practice and Procedure, and all section
                                        (continued...)

review of respondent's determination. The issues for decision are: (1) Whether petitioner's underlying tax liability for 1999 is properly at issue; (2) whether respondent abused his discretion in sustaining the proposed levy and the filing of a Federal tax lien; and (3) whether the Court should impose a penalty under section 6673(a).

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.[2] The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time he filed the petition, petitioner resided in American Canyon, California.

Petitioner did not file a Federal income tax return for 1999. Respondent prepared a substitute for return for petitioner. On August 7, 2002, respondent sent petitioner a notice of deficiency, determining an income tax deficiency of $7,986, a section 6651(a)(1) addition to tax of $1,551.25, and a

---

[1](...continued)
references are to the Internal Revenue Code, as amended.

[2] On Oct. 18, 2004, this Court issued an Order to Show Cause under Rule 91(f), ordering petitioner to respond to respondent's proposed stipulation of facts. Petitioner responded but failed to address specifically any of the proposed stipulations. At trial, petitioner was again given the opportunity to object to any of the proposed stipulations. Petitioner contested only paragraph 10 of respondent's proposed stipulation of facts. At trial, the Court ordered that respondent's proposed stipulation of facts and attached exhibits were deemed established and ordered paragraph 10 of the stipulation to be stricken from the record.

section 6654(a) addition to tax of $290.72. Petitioner received the notice of deficiency, but he did not file a petition with this Court. Respondent assessed the tax and additions to tax on February 10, 2003. The assessment was reflected in a Form 4340, Certificate of Assessments, Payments, and Other Specified Matters (Form 4340), a copy of which was received by petitioner.

On October 1, 2003, respondent sent petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing (notice of levy). On October 9, 2003, respondent sent petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing (notice of lien).

On October 30, 2003, petitioner timely requested a section 6330 hearing with respect to the notice of levy. On November 11, 2003, petitioner timely requested a section 6330 hearing with respect to the notice of lien. At petitioner's request, the section 6330 hearing was conducted telephonically on February 26, 2004. Respondent refused to allow petitioner to record the hearing.

A notice of determination was sent to petitioner on March 11, 2004. In the notice of determination, respondent: (1) Rejected petitioner's proposed collection alternative[3] because

_____

[3] Petitioner stated that he would pay the tax immediately and in full if respondent's settlement officer could prove to him that he was liable to pay tax. We hesitate to dignify this as a collection alternative. However, respondent treated it as such,
(continued...)

petitioner did not provide a date of payment; (2) stated that all requirements of law and administrative procedure had been satisfied and that the need for efficient collection had been properly balanced against any legitimate concerns raised by petitioner; (3) sustained the proposed levy and the filing of a Federal tax lien; and (4) warned petitioner that if he continued to raise frivolous arguments, he could be subjected to a penalty under section 6673(a).  In response to the notice of determination, petitioner filed his petition with the Court on April 12, 2004.

## OPINION

Pursuant to section 6330(d)(1), within 30 days of the issuance of a notice of determination, a taxpayer may appeal the determination to this Court if we have jurisdiction over the underlying tax liability.  Where the validity of the underlying tax liability is properly at issue, the Court will review the matter de novo.  Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181 (2000).  Where the validity of the underlying tax liability is not properly at issue, however, the Court will review the Commissioner's determination for abuse of discretion.  Sego v. Commissioner, supra at 610; Goza v. Commissioner, supra at 181.

---

³(...continued)
and we address it in due course.

To determine the correct standard of review, we must first decide whether petitioner's underlying tax liability is properly at issue.  See <u>Lunsford v. Commissioner</u>, 117 T.C. 183, 185 (2001); <u>Sego v. Commissioner</u>, <u>supra</u> at 610; <u>Goza v. Commissioner</u>, <u>supra</u> at 181-182.  A taxpayer may raise challenges to the existence or amount of the underlying tax liability if he did not receive a statutory notice of deficiency or otherwise have an opportunity to dispute the tax liability.  Sec. 6330(c)(2)(B); see <u>Behling v. Commissioner</u>, 118 T.C. 572, 576-577 (2002).

At trial, petitioner admitted he received a notice of deficiency for 1999 but argued that the notice was invalid.  Petitioner testified:  "How is this statutory, Your Honor?  Where is the OMB [Office of Management and Budget] number?  Any mandated tax must have an OMB number on the form attached.  There's nothing here. * * * it's not a statutory notice."[4]  Similar arguments have been considered and universally rejected as being without merit by this Court and other courts.  See, e.g., <u>James v. United States</u>, 970 F.2d 750, 753 n.6 (10th Cir. 1992) (Lack of an OMB number on IRS forms and notices does not

---

[4] Petitioner does not cite any authority for this argument.  However, it appears petitioner is arguing that the notice violates the Paperwork Reduction Act of 1980 (PRA), 44 U.S.C. secs. 3501-3520 (2000).  In general, the PRA requires Federal agencies requesting information from the public to obtain approval from the OMB and provides that an OMB control number should be displayed on that document.  PRA 44 U.S.C. sec. 3507(a).

violate the PRA); United States v. Neff, 954 F.2d 698, 699 (11th Cir. 1992) (lack of an OMB number on a Federal income tax regulation does not violate the PRA); Freas v. Commissioner, T.C. Memo. 1993-552 (PRA does not apply to Federal income tax regulations or to Federal tax forms); Andreas v. Commissioner, T.C. Memo. 1993-551 (similar to Freas v. Commissioner, supra). We find petitioner received a valid statutory notice of deficiency, and thus his underlying tax liability is not properly at issue. See sec. 6330(c)(2)(B). Accordingly, we review respondent's notice of determination for an abuse of discretion. See Sego v. Commissioner, supra at 610; Goza v. Commissioner, supra at 181-182.

Petitioner asks the Court to find that respondent abused his discretion by issuing the notice of determination. Petitioner advances three primary arguments: (1) Respondent did not make a valid assessment; (2) respondent improperly barred petitioner from recording the telephonic section 6330 hearing; and (3) respondent erred in rejecting petitioner's collection alternative.

Petitioner first claims that respondent did not make a valid assessment. In making this assertion, petitioner advances several tax protester-type arguments, including: No Code section makes him liable to pay tax; respondent's settlement officer was not the Secretary of the Treasury, nor was authority properly

delegated to her by the Secretary; no provision of the Code allows respondent to substitute a Form 4340 for a return signed by petitioner; under section 7608, no employee of the IRS has the authority to enforce any law in the Code other than Subtitle E or criminal provisions; and section 7851 repealed sections 1, 61, 62 and 63. Petitioner's assertions have been rejected by this Court and other courts, and "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984); see Duffield v. Commissioner, T.C. Memo. 2002-53; Kuglin v. Commissioner, T.C. Memo. 2002-51; Wylie v. Commissioner, T.C. Memo. 2001-65; Earl v. Commissioner, T.C. Memo. 1998-16.

The existence of a Form 4340 is presumptive evidence that a valid assessment was made. See Wylie v. Commissioner, supra. At trial, petitioner admitted he received a Form 4340. Because petitioner received a Form 4340 and failed to raise any bona fide issues related to the assessment procedure, we find that a valid assessment was made and respondent did not abuse his discretion by seeking collection of the taxes assessed.

Petitioner next argues that respondent improperly barred petitioner from recording the telephonic section 6330 hearing. Under section 7521(a)(1), a taxpayer has the right to make an

audio recording of a section 6330 hearing.  Keene v. Commissioner, 121 T.C. 8, 16, 19 (2003).  However, it is not necessary or productive to remand this case to respondent's Appeals Office merely to provide the petitioner a recorded hearing where he previously attended and participated in a section 6330 hearing.  Id. at 19; Durrenberger v. Commissioner, T.C. Memo. 2004-44; Kemper v. Commissioner, T.C. Memo. 2003-195; see also Lunsford v. Commissioner, supra at 189.

In the present case, petitioner participated in his section 6330 hearing.  In addition, we note that petitioner has only advanced contentions, arguments, and questions that the Court finds to be frivolous.  Remanding this case to Appeals, and thus allowing petitioner to continue to advance the same frivolous arguments, would not be productive.  For these reasons, we conclude that any error made by respondent in not allowing petitioner to record the hearing was harmless.  See Kemper v. Commissioner, supra.

Petitioner also argues that respondent erred in rejecting petitioner's proposed collection alternative.  Petitioner testified, and the notice of determination reflects, that he offered to pay his outstanding tax liability in full at his section 6330 hearing "if [respondent] can show me which Internal Revenue Code section makes me liable."  This Court has found such an argument to be frivolous.  Rowlee v. Commissioner, 80 T.C.

1111, 1119-1122 (1983); <u>Tolotti v. Commissioner</u>, T.C. Memo. 2002-86, affd. 70 Fed. Appx. 971 (9th Cir. 2003). We find that respondent did not abuse his discretion in denying petitioner's collection alternative.

In the notice of determination, respondent verified that all requirements of applicable law and administrative procedure had been met and that respondent properly balanced the need for efficient collection against any legitimate concerns raised by petitioner. Petitioner has not presented any evidence or persuasive arguments to convince us that respondent abused his discretion but instead has only advanced frivolous tax protester-type arguments. As a result, we hold respondent's determination was not an abuse of discretion, and respondent may proceed with the proposed methods of collection.

Section 6673(a)(1) authorizes the Court to require a taxpayer to pay the United States a penalty in an amount not to exceed $25,000 whenever it appears to the Court the taxpayer's position in such a proceeding is frivolous or groundless. Sec. 6673(a)(1)(B). Respondent has not asked the Court to impose a penalty under section 6673(a) against petitioner. However, the Court may, sua sponte, impose this penalty. <u>Pierson v. Commissioner</u>, 115 T.C. 576, 580 (2000); <u>Rewerts v. Commissioner</u>, T.C. Memo. 2004-248; <u>Jensen v. Commissioner</u>, T.C. Memo. 2004-120.

Petitioner has previously been a litigant in this Court. In

his prior case, petitioner raised many of the same arguments as in the present case, and those arguments were found to be without merit.  <u>Holliday v. Commissioner</u>, T.C. Memo. 2004-172.  In the present case, the notice of determination warned petitioner that if he continued to raise frivolous arguments, a penalty could be imposed.  At trial, the Court warned petitioner on three separate occasions that if he continued to raise only frivolous arguments, a penalty could be imposed.  Despite these warnings, petitioner continued to assert only frivolous arguments.  As a result, we hold that a penalty of $2,500 against petitioner is awarded to the United States in this case pursuant to section 6673(a)(1).

In reaching our holdings herein, we have considered all arguments made, and, to the extent not mentioned above, we find them to be moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.