T.C. Memo. 2006-88

UNITED STATES TAX COURT

BRADLEY W. BEAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1881-05L.                  Filed April 26, 2006.

Bradley W. Bean, pro se.

<u>Louise R. Forbes</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HAINES, <u>Judge</u>:  Petitioner filed the petition in this case
in response to a Notice of Determination Concerning Collection
Actions(s) Under Section 6320 and/or 6330 (notice of
determination) for 1999 and 2000 (years in issue).[1]  Pursuant to

_____

[1]  Unless otherwise indicated, all section references are to
                                              (continued...)

section 6330(d), petitioner seeks review of respondent's determination.  The issues for decision are whether respondent abused his discretion in sustaining the filing of a Federal tax lien and whether the Court should impose a penalty under section 6673(a).

## FINDINGS OF FACT

At the time the petition was filed, petitioner resided in Methuen, Massachusetts.

On April 25, 2000, respondent received petitioner's 1999 Federal income tax return.  Petitioner reported tax withheld of $2,235, claimed a refund of $2,235, and entered zeros on all other lines.  Petitioner attached to the return a two-page letter disputing the constitutionality of the Federal income tax laws and claiming that no law made him liable to pay tax.  Respondent informed petitioner that his 1999 return could not be filed.

On June 29, 2001, respondent received petitioner's 2000 Federal income tax return.  Petitioner reported tax withheld of $895, claimed a refund of $895, and entered zeros on all other lines.  Petitioner attached to the return a two-page letter identical to the letter attached to his 1999 return.

---

[1](...continued)
the Internal Revenue Code, as amended.  All amounts are rounded to the nearest dollar.

On October 11, 2001, respondent sent petitioner a letter stating that his 2000 return could not be filed. Respondent informed petitioner that his claims had been repeatedly rejected as frivolous and without merit, and that he could be subject to a penalty under section 6702 of $500 for filing a frivolous return. To avoid the assessment of the penalty and to prevent a notice of deficiency from being issued, respondent advised petitioner to file an amended return within 30 days.

On November 20, 2001, petitioner sent a letter to respondent demanding to see "if you have the authority to determine whether anyone's tax return is 'frivolous'". Petitioner requested a meeting with respondent to "present my case or defense by oral and documented evidence, and submit rebuttal evidence, and conduct such cross-examination as may be required for a full and true disclosure of the facts".

On May 15, 2002, respondent sent petitioner two letters indicating that respondent could not process petitioner's 1999 or 2000 Federal income tax return. Respondent informed petitioner that penalties under section 6702 would be assessed and returns would be prepared for him. Respondent prepared substitutes for returns for petitioner using information provided by third parties.

On September 18, 2002, respondent sent petitioner notices of deficiency for 1999 and 2000. For 1999, respondent determined a

deficiency in petitioner's Federal income tax of $5,421 and additions to tax under sections 6651(a)(1) and 6654(a) of $752 and $133, respectively.  For 2000, respondent determined a deficiency in petitioner's Federal income tax of $8,421 and additions to tax under sections 6651(a)(1) and 6654(a) of $1,882 and $397, respectively.

On November 12, 2002, petitioner sent a letter to respondent acknowledging receipt of the notices of deficiency.  In the letter, petitioner stated that before filing a petition with the Tax Court or doing anything else with respect to the notices, "I must first establish whether or not it was sent pursuant to law, whether or not it has the 'force and effect of law,' and whether you had any authority to send me the notice in the first place."

Petitioner did not file a petition with this Court in response to the notices of deficiency.

On September 5, 2003, respondent sent petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320.  The notice of filing informed petitioner that a Federal tax lien on all of his property had attached to secure payment of the outstanding Federal income tax deficiencies for 1999 and 2000.  The notice further informed petitioner of his right to a hearing and under what circumstances the lien could be removed.

In response to the notice, petitioner mailed a Form 12153, Request for a Collection Due Process Hearing, to respondent on

October 3, 2003.  In the request, petitioner states:  "IRS does not follow procedures.  I request a certificate of assessment for the amount that IRS claims I owe."

On three occasions, respondent sent petitioner letters informing him that his arguments have previously been determined to be frivolous.[2]  Respondent advised petitioner that he was not entitled to a face-to-face hearing unless he informed respondent of any specific and relevant issues he wished respondent to consider.  If petitioner did not raise any relevant issues, respondent stated that the hearing would be conducted over the telephone or through correspondence.

In response to the first two letters, petitioner sent additional requests for a face-to-face hearing.[3]  Petitioner did not raise any relevant issues, but instead informed respondent that he would tape record the hearing and would be accompanied by a court reporter and a witness.  Petitioner also requested that respondent bring several documents to the hearing, including a summary record of assessment, the tax returns on which the assessment was based, and the notice and demand for payment.

On September 27, 2004, respondent scheduled a telephone conference with petitioner for October 20, 2004.  Respondent

---

[2]  Respondent's letters were dated May 12, June 7, and Sept. 27, 2004.

[3]  Petitioner's requests were dated May 27 and June 18, 2004.

informed petitioner that if he did not participate, a determination would be made on the basis of the administrative record. Petitioner did not participate in the telephone conference and made no attempt to reschedule.

On October 20, 2004, respondent sent petitioner a letter advising him that a determination would be made by November 12, 2004. Respondent requested that petitioner submit any additional documentation that he wished considered in making the determination.

Petitioner sent respondent a letter on October 27, 2004, again requesting a face-to-face hearing. Petitioner stated that a telephone conference was unacceptable because "Documents cannot be produced over the telephone, nor can an accurate record of such a meeting." Petitioner did not raise any additional arguments in the letter.

Petitioner did not provide respondent with any additional documentation to consider before making the determination.

On December 28, 2004, respondent sent petitioner a Notice of Determination Concerning Collection Actions Under Section 6320 and/or 6330 with respect to the years in issue. In the notice of determination, respondent states:

> A review of the administrative file indicates that
> statutory and administrative requirements that needed
> to be met with respect to the filing of the Notice of
> Federal Tax Lien were in fact met in this case.

*    *    *    *    *    *    *

The taxpayer raised issues that are either frivolous, groundless, or otherwise not considered by appeals. He did not qualify for a face to face conference, and did not avail himself of the opportunity for a telephone hearing or a hearing via correspondence. He requested various documents, but did not propose a viable collection alternative or otherwise participate in the offered telephone hearing. The Notice of Federal Tax Lien will remain in full force and effect until satisfied or unenforceable. This analysis indicates that this action is now necessary to provide for the efficient collection of the taxes despite the potential intrusiveness of enforced collection.

In response to the notice of determination, petitioner filed his petition with this Court on January 28, 2005.

On December 2, 2005, respondent filed a motion for summary judgment, asking the Court to find as a matter of law that respondent's determination sustaining the filing of a Federal tax lien was not an abuse of his discretion and that a penalty under section 6673(a)(1) should be imposed against petitioner. The Court denied respondent's motion.

OPINION

Section 6321 imposes a lien in favor of the United States on all property and rights to property of a taxpayer liable for taxes when a demand for payment of the taxes has been made and the taxpayer fails to pay those taxes. Section 6320(a) provides that the Secretary shall furnish the taxpayer with written notice of a Federal tax lien within 5 business days after the notice of lien is filed. Section 6320 further provides that the taxpayer may request an Appeals hearing within 30 days beginning on the

day after the 5-day period described above.  Sec. 6320(a)(3)(B) and (b)(1).  Section 6320(c) provides that the Appeals hearing generally shall be conducted consistent with the procedures set forth in section 6330.

Section 6330(c) provides for review with respect to collection issues such as spousal defenses, the appropriateness of the Commissioner's proposed collection actions, and the possibility of collection alternatives.  Sec. 6330(c)(2)(A).  The taxpayer may also challenge the amount of the underlying tax liability if a statutory notice of deficiency was not received or the taxpayer did not otherwise have an opportunity to dispute the tax liability.  Sec. 6330(c)(2)(B).

Pursuant to section 6330(d)(1), within 30 days of the issuance of a notice of determination, the taxpayer may appeal the determination to this Court if we have jurisdiction over the underlying tax liability.  Where the validity of the underlying tax liability is properly at issue, the Court will review the matter de novo.  Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181 (2000).  Where the validity of the underlying tax liability is not properly at issue, however, the Court will review the Commissioner's determination for an abuse of discretion.  Sego v. Commissioner, supra at 610; Goza v. Commissioner, supra at 181.

Petitioner received statutory notices of deficiency for the years in issue, and thus his underlying tax liability is not properly at issue. Accordingly, we review respondent's determination for an abuse of discretion. See Sego v. Commissioner, supra at 610; Goza v. Commissioner, supra at 181.

Petitioner argues that respondent abused his discretion by not allowing petitioner a face-to-face hearing.

Hearings conducted under section 6330 are informal proceedings, not formal adjudications. Katz v. Commissioner, 115 T.C. 329, 337 (2000); Davis v. Commissioner, 115 T.C. 35, 41 (2000); Ho v. Commissioner, T.C. Memo. 2006-41. Taxpayers are generally entitled to a face-to-face hearing at the Appeals Office nearest their residence. Sec. 301.6330-1(d)(2), Q&A D6 and D7, Proced. & Admin. Regs. Where the taxpayer declines to participate in a proffered face-to-face hearing, hearings may be conducted by telephone or correspondence. Katz v. Commissioner, supra at 337-338; Ho v. Commissioner, supra; sec. 301.6330-1(d)(2), Q&A-D6 and D7, Proced. & Admin. Regs. Furthermore, once the taxpayer has been given reasonable opportunity for a hearing but has failed to avail himself of that opportunity, we have approved the making of a determination to proceed with collection based on the Commissioner's review of the case file. See, e.g., Ho v. Commissioner, supra; Taylor v. Commissioner, T.C. Memo. 2004-25, affd. 130 Fed. Appx. 934 (9th Cir. 2005); Leineweber v.

<u>Commissioner</u>, T.C. Memo. 2004-17; <u>Armstrong v. Commissioner</u>, T.C. Memo. 2002-224.  Thus, a face-to-face hearing is not invariably required.

Respondent sent three letters to petitioner stating that he would be allowed a face-to-face hearing if he would advise respondent of the relevant issues he wished to discuss. Petitioner responded to two of those letters, but did not raise any relevant issues.  Petitioner was also given the opportunity to have a telephone hearing but did not participate. Additionally, petitioner did not submit any documentation to respondent to be considered in an administrative review of his file.

Because no hearing had been conducted, we declined to grant respondent's motion for summary judgment.  The record as it then existed did not foreclose the possibility that petitioner might have raised valid arguments had a hearing been held. Accordingly, we provided petitioner an opportunity before the Court to identify any relevant issues he wished to raise that could warrant further consideration of the merits of his case by respondent or this Court.  Petitioner, however, failed to offer any relevant issues of merit.

In the light of the above and in consideration of petitioner's frivolous arguments, discussed <u>infra</u>, a face-to-face hearing in this case would not have been, nor would it be,

productive.  See <u>Lunsford v. Commissioner</u>, 117 T.C. 183, 189 (2001); <u>Ho v. Commissioner</u>, <u>supra</u>.

Additionally, petitioner argues that respondent abused his discretion by failing to verify that all administrative procedures have been met.  However, in the notice of determination, the Appeals officer verified that all requirements of applicable law and administrative procedure had been met, and he properly balanced the need for efficient collection against the intrusiveness of the collection action.  Petitioner points to nothing that indicates respondent failed to follow applicable law and administrative procedure.

Petitioner further argues that respondent abused his discretion by failing to make a notice and demand for payment.  However, the Forms 4340 indicate that notices and demands for payment were made.

Petitioner also raises various tax-protester arguments, including:  (1) The income tax is unconstitutional; (2) he is not a U.S. citizen, but instead "an American man living on the soil of Massachusetts"; (3) letters received from respondent do not include signatures or "Publication No. 594"; and (4) he has not been provided with proof that the person(s) who issued the notice of Federal tax lien had the authority to do so.  Petitioner's arguments have been rejected by this Court and other courts, and "We perceive no need to refute these arguments with somber

reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984); see Holliday v. Commissioner, T.C. Memo. 2005-240; Duffield v. Commissioner, T.C. Memo. 2002-53; Kuglin v. Commissioner, T.C. Memo. 2002-51.

Petitioner has not presented any evidence or arguments to convince us that respondent abused his discretion. As a result, we hold respondent's determination was not an abuse of discretion, and respondent may proceed with the proposed collection action.

Section 6673(a)(1) authorizes the Court to require a taxpayer to pay the United States a penalty in an amount not to exceed $25,000 whenever it appears to the Court the taxpayer's position is frivolous or groundless. Sec. 6673(a)(1)(B). Respondent has asked the Court to impose a penalty against petitioner under section 6673(a).

There is no evidence that petitioner has previously been a litigant in this Court. However, the Court warned petitioner that if he continued to raise only frivolous arguments, a penalty could be imposed. Despite the warning, petitioner continued to assert only frivolous arguments. As a result, we hold that a penalty of $1,500 against petitioner is awarded to the United States pursuant to section 6673(a)(1).

In reaching our holdings herein, we have considered all arguments made, and, to the extent not mentioned above, we find them to be moot, irrelevant, or without merit.

To reflect the foregoing,

<u>An appropriate Order</u>

<u>and decision will be entered</u>.