T.C. Memo. 2006-138

UNITED STATES TAX COURT

GEOFFREY K.J. YUEN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11747-04L.                    Filed July 5, 2006.

Geoffrey K.J. Yuen, pro se.

<u>Rollin G. Thorley</u>, for respondent.

MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  This case is before the Court on
respondent's motion for summary judgment.

## Background

None of the facts have been stipulated.  At the time he
filed the petition, petitioner resided in Las Vegas, Nevada.

Petitioner submitted Forms 1040, U.S. Individual Income Tax Return, for 1999 and 2000 to respondent. Petitioner listed zero as the amount of his wages, total income, adjusted gross income, taxable income, and total tax on both returns. Petitioner attached two pages to the Forms 1040 reciting statements, contentions, and arguments that the Court finds to be frivolous and/or groundless.

Respondent sent petitioner statutory notices of deficiency for the 1999 and 2000 tax years on December 21, 2001, and June 12, 2002, respectively. Respondent determined a $13,510 deficiency and a $2,701 penalty pursuant to section 6662(a)[1] for 1999 and a $56,218 deficiency and a $11,243.60 penalty pursuant to section 6662(a) for 2000. Petitioner received the notices of deficiency and sent respondent letters challenging respondent's authority to issue the notices but did not petition the Court for redetermination of the deficiencies or penalties with respect to 1999 or 2000. On September 16, 2002, and December 2, 2002, respondent assessed the 1999 and 2000 tax liabilities and penalties, respectively.

On November 20, 2003, respondent mailed to petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing concerning petitioner's 1999 and 2000 liabilities. On or

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

about December 19, 2003, petitioner timely filed a Form 12153,
Request for a Collection Due Process Hearing, in which petitioner
recited statements, contentions, arguments, and requests that the
Court finds to be frivolous and/or groundless.  On May 6, 2004, a
hearing was held.  Petitioner did not propose any collection
alternatives at the hearing.

On June 2, 2004, respondent issued a Notice of Determination
Concerning Collection Action(s) Under Section 6320 and/or 6330 to
petitioner regarding his 1999 and 2000 tax years (notice of
determination).  In the notice of determination, respondent
determined that the proposed collection action was appropriate
and to proceed with collection.

On July 6, 2004, petitioner timely filed a petition for lien
or levy action under Code section 6320(c) or 6330(d) seeking
review of respondent's determination to proceed with collection
of petitioner's 1999 and 2000 tax liabilities.[2]  Except for an
argument under section 7521(a)(1), the petition contains
statements, contentions, arguments, and questions that the Court

_____

[2]  Attached to the petition are copies of a notice of
determination regarding respondent's levy action for petitioner's
unpaid tax liabilities for the 1999 and 2000 tax years, and a
Decision Letter Concerning Equivalent Hearing Under Sec. 6320
and/or 6330 regarding respondent's lien action for petitioner's
unpaid liabilities for the 1999 and 2000 tax years.  In an order
dated Jan. 5, 2005, this Court granted respondent's motion to
dismiss for lack of jurisdiction with respect to sec. 6320 for
the taxable years 1999 and 2000 on the ground that no notice of
determination was issued regarding respondent's lien action
because petitioner failed to file a timely request for an Appeals
Office hearing.

finds to be frivolous and/or groundless. With respect to section 7521(a)(1), petitioner alleges in the petition that the Appeals officer denied petitioner's request to record the Appeals Office hearing, thereby violating petitioner's right to due process.

## Discussion

### I. Motion for Summary Judgment

Rule 121(a) provides that either party may move for summary judgment upon all or any part of the legal issues in controversy. Summary judgment may be granted if it is demonstrated that no genuine issue exists as to any material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).

We conclude that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law.

### II. Determination To Proceed With Collection

Section 6331(a) provides that, if any person liable to pay any tax neglects or refuses to do so within 10 days after notice and demand, the Secretary can collect such tax by levy upon property belonging to such person. Pursuant to section 6331(d), the Secretary is required to give the taxpayer notice of his intent to levy and within that notice must describe the administrative review available to the taxpayer, before proceeding with the levy. See also sec. 6330(a).

Section 6330(b) describes the administrative review process whereby a taxpayer can request an Appeals hearing with regard to a levy notice.  At the Appeals hearing, the taxpayer may raise certain matters set forth in section 6330(c)(2), which provides in pertinent part:

> SEC. 6330(c).  Matters Considered at Hearing.--In the case of any hearing conducted under this section--
>
> *     *     *     *     *     *     *
>
> (2) Issues at hearing.--
>
> > (A)  In general.--The person may raise at the hearing any relevant issue relating to the unpaid tax or the proposed levy, including--
> >
> > > (i)  appropriate spousal defenses;
> > >
> > > (ii)  challenges to the appropriateness of collection actions; and
> > >
> > > (iii)  offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise.
> >
> > (B)  Underlying liability.--The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.

Pursuant to section 6330(d)(1), within 30 days of the issuance of the notice of determination, the taxpayer may appeal that

determination to this Court if we have jurisdiction over the underlying tax liability. Van Es v. Commissioner, 115 T.C. 324, 328 (2000).

Although section 6330 does not prescribe the standard of review that the Court is to apply in reviewing the Commissioner's administrative determinations, we have stated that, where the validity of the underlying tax liability is properly at issue, the Court will review the matter on a de novo basis. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181 (2000). Where the validity of the underlying tax liability is not properly at issue, however, the Court will review the Commissioner's administrative determination for abuse of discretion. Sego v. Commissioner, supra; Goza v. Commissioner, supra.

Petitioner does not dispute that he received the notices of deficiency for 1999 and 2000. Accordingly, he cannot challenge his underlying liability. See sec. 6330(c)(2)(B); Sego v. Commissioner, supra at 610-611; Goza v. Commissioner, supra at 182-183. Therefore, we review respondent's determination for an abuse of discretion. See Sego v. Commissioner, supra at 610.

As was true of petitioner's attachments to his Forms 1040, petitioner's attachment to Form 12153, and petitioner's petition except for an argument under section 7521(a)(1), petitioner's response to respondent's motion for summary judgment contains statements, contentions, and arguments that the Court finds to be frivolous and/or groundless.

Under section 7521(a)(1), a taxpayer has the right to make an audio recording of a section 6330 hearing. Keene v. Commissioner, 121 T.C. 8, 16, 19 (2003). However, it is not necessary or productive to remand this case to respondent's Appeals Office merely to provide petitioner a recorded hearing where he previously attended and participated in a section 6330 hearing. Id.; Holliday v. Commissioner, T.C. Memo. 2005-240; Durrenberger v. Commissioner, T.C. Memo. 2004-44; Kemper v. Commissioner, T.C. Memo. 2003-195; see also Lunsford v. Commissioner, 117 T.C. 183, 189 (2001).

Petitioner participated in a section 6330 hearing, albeit an unrecorded one. Remanding this case to Appeals, and thus allowing petitioner to continue to advance the same frivolous arguments, would not be productive. For these reasons, we conclude that any error made by respondent in not allowing petitioner to record the hearing was harmless. See Kemper v. Commissioner, supra.

Petitioner has failed to raise a spousal defense, make a valid challenge to the appropriateness of respondent's intended collection action, or offer alternative means of collection. These issues are now deemed conceded. Rule 331(b)(4).

Accordingly, we conclude that respondent did not abuse his discretion, and we sustain respondent's determination to proceed with collection for 1999 and 2000.

III.  Section 6673 Penalty

Section 6673(a)(1) authorizes this Court to require a taxpayer to pay to the United States a penalty not to exceed $25,000 if the taxpayer took frivolous positions in proceedings or instituted the proceedings primarily for delay. In Pierson v. Commissioner, 115 T.C. 576, 581 (2000), we issued an unequivocal warning to taxpayers concerning the imposition of a penalty pursuant to section 6673(a) on those taxpayers who abuse the protections afforded by sections 6320 and 6330 by instituting or maintaining actions under those sections primarily for delay or by taking frivolous and/or groundless positions in such actions. A position maintained by the taxpayer is "frivolous" where it is "contrary to established law and unsupported by a reasoned, colorable argument for change in the law." Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986); see also Hansen v. Commissioner, 820 F.2d 1464, 1470 (9th Cir. 1987) (section 6673

penalty upheld because taxpayer should have known claim was frivolous).

In a previous appearance before this Court, petitioner made similar frivolous tax-protester arguments. In that case, involving prior tax years, we imposed a penalty pursuant to section 6673 on for advancing frivolous arguments in this Court. Yuen v. Commissioner, docket No. 15296-03L.

In the petition and at trial, petitioner raised frivolous arguments and contentions that we have previously rejected and which we conclude were interposed primarily for delay. This has caused the Court to waste limited resources. Accordingly, on our own motion, we shall impose a penalty of $5,000 pursuant to section 6673.

To reflect the foregoing,

An appropriate order and decision will be entered.