T.C. Memo. 2007-55

UNITED STATES TAX COURT

RANDY A. BELMONT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8684-04L.                    Filed March 7, 2007.

Randy A. Belmont, pro se.

<u>Katherine Lee Kosar</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HAINES, <u>Judge</u>:  Petitioner filed a petition with this Court in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination).[1]  Pursuant to section 6330(d), petitioner seeks

_____

[1]  Unless otherwise indicated, all section references are to
(continued...)

review of respondent's determination.  The sole issue for decision is whether respondent's determination that collection action could proceed for Federal income tax liabilities for 1999 was an abuse of his discretion.

FINDINGS OF FACT

The parties' stipulation of facts and attached exhibits are incorporated herein by this reference.  Petitioner resided in Lakewood, Ohio, when he filed his petition.

On April 15, 2000, petitioner and his wife, Christina L. Belmont, filed a joint Form 1040, U.S. Individual Income Tax Return, for 1999.  The Form 1040 showed zeros on lines 7 through 22, zero adjusted gross income (line 33), zeros on lines 36 through 40, zeros on lines 48 through 56, zero total tax, Federal income tax withholding in the amount of $839, and a claimed refund in the amount of $839.  Petitioner attached to the 1999 Form 1040 several pages of writing in which he stated he had zero income within the meaning of that term, and included other frivolous tax-protester arguments, such as, the return was not filed voluntarily, petitioner is not required to file a return, petitioner's earnings are not considered income under the Corporation Excise Tax Act of 1909, the assessment was illegal,

---

[1](...continued)
the Internal Revenue Code, as amended, and amounts are rounded to the nearest dollar.

and the Internal Revenue Service is not entitled to change his return.

On April 4, 2001, respondent mailed petitioner a Letter CP-2000 stating: "WE'RE PROPOSING CHANGES TO YOUR 1999 TAX RETURN", in which respondent proposed changes to petitioner's 1999 return based upon reported income from third-party payors. In response, by letters dated April 9 and May 15, 2001, petitioner disputed respondent's authority to assess tax and asserted other tax-protester arguments.

On June 20, 2001, respondent mailed to petitioner a notice of deficiency for 1999, in which respondent determined that petitioner and his wife owed a deficiency of $7,758, and a $1,552 accuracy-related penalty under section 6662(a). In response, by letter dated July 27, 2001, petitioner acknowledged receipt of the notice of deficiency and again raised tax-protester arguments. Petitioner did not file a petition with the Court to redetermine the deficiency.

Respondent assessed the tax, penalty, and interest on October 15, 2001. On January 8, 2003, respondent filed a Notice of Federal Tax Lien (NFTL) with the Recorder of Cuyahoga County, Cleveland, Ohio, with respect to petitioner's 1999 tax liabilities, and on January 13, 2003, respondent mailed petitioner a Letter 3172(DO) (Rev. 11-2000), Notice of Federal

Tax Lien Filing and Notice of Your Right to a Hearing. The notice advised petitioner he was entitled to request a hearing to appeal the collection action and to discuss optional payment methods. On January 27, 2003, petitioner submitted Form 12153, Request for a Collection Due Process Hearing. In his request, he again raised frivolous arguments.

On July 10, 2003, respondent's Appeals Office mailed petitioner a letter acknowledging receipt of his case for consideration and notifying him that he must file Federal income tax returns for 2000, 2001, and 2002 if he wished to have alternative collection measures considered.[2] In response, by letter dated July 31, 2003, petitioner stated that he is not required to file tax returns in order to receive a hearing and asserted other frivolous arguments. By letter dated July 31, 2003, petitioner requested a face-to-face conference. On September 30, 2003, Settlement Officer Spencer Dolin mailed a letter to petitioner, which stated, in part, that Appeals does not provide a face-to-face conference if the only items to discuss are frivolous or groundless arguments and "if you are interested in receiving a face-to-face conference, you must be

---

[2] Additionally, by letters dated Sept. 30 and Oct. 15, 2003, Settlement Officer Spencer Dolin again advised petitioner that all income tax returns must be filed if petitioner wished to have alternative collection measures considered.

prepared to discuss issues relevant to paying your tax liability", including collection alternatives.

On November 26, 2003, a face-to-face conference was held, attended by Mr. Dolin and Settlement Officer Dale Roginski and petitioner and petitioner's wife Christina Belmont. Petitioner provided a court reporter to record the hearing.

Throughout the conference, petitioner and his wife persistently asked Mr. Dolin to prove he had the authority to hold the hearing, questioned whether the IRS had the authority to issue a tax lien, and raised other frivolous arguments. Although Mr. Dolin attempted to explain the appeals process and discuss collection alternatives, petitioner and wife refused to allow him to do so. As a result, Mr. Dolin ended the conference. Petitioner had not filed his 2000, 2001, and 2002 Federal income tax returns at the time of the conference.

In the February 17, 2004, notice of determination mailed to petitioner, Mr. Dolin determined that the filing of the NFTL was proper and would be sustained. Mr. Dolin found that respondent complied with all Code and procedural requirements in filing the NFTL.

In response to the notice of determination, petitioner filed a petition in the United States District Court for the Northern District of Ohio on March 16, 2004. Because the District Court lacked jurisdiction to hear the matter, it dismissed the case

without prejudice on April 21, 2004. <u>Belmont v. United States</u>, 93 AFTR 2d 2004-1992 (N.D. Ohio 2004). Petitioner timely mailed his petition to this Court on May 19, 2004, and it was filed on May 25, 2004. See sec. 6330(d)(1); sec. 301.6330-1(f), Proced. & Admin. Regs.

On March 27, 2006, petitioner filed with the Court a response to the stipulation of facts, wherein he stated that he no longer subscribed to his previous tax-protester arguments.

OPINION

Because the underlying tax liability is not at issue, this Court's review under section 6330 is for abuse of discretion. See <u>Sego v. Commissioner</u>, 114 T.C. 604, 610 (2000); <u>Goza v. Commissioner</u>, 114. T.C. 176, 182 (2000). This standard requires the Court to decide whether respondent's determination was arbitrary, capricious, or without sound basis in fact or law. <u>Woodral v. Commissioner</u>, 112 T.C. 19, 23 (1999); <u>Keller v. Commissioner</u>, T.C. Memo. 2006-166; <u>Fowler v. Commissioner</u>, T.C. Memo. 2004-163.

Throughout this case, petitioner presented tax-protester arguments, including: (1) He is not a taxpayer; (2) respondent has no jurisdiction over him; and (3) respondent lacks authority to assert income tax deficiencies. Petitioner's assertions have been rejected by this Court and other courts, and "We perceive no need to refute these arguments with somber reasoning and copious

citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984); see, e.g., Wetzel v. Commissioner, T.C. Memo. 2005-211 (rejecting as frivolous the argument that the taxpayer was not a taxpayer); Nunn v. Commissioner, T.C. Memo. 2002-250 (rejecting as without merit the argument that the Commissioner had no jurisdiction over the taxpayer or his documents). This Court rejects petitioner's tax-protester arguments as frivolous and without merit.

Petitioner contended that Mr. Dolin concluded the conference before collection alternatives could be discussed. However, throughout the entire hearing petitioner and his wife relentlessly pursued frivolous and groundless tax protester arguments without allowing Mr. Dolin the opportunity to discuss any collection alternatives. As a result, Mr. Dolin ended the hearing. Petitioner also testified that he did not seek collection alternatives.

Section 6330(c)(2)(A) permits a taxpayer to challenge the appropriateness of the intended method of collection, offer alternatives to collection, or raise a spousal defense to collection. A settlement officer is not required to prolong a face-to-face meeting to entertain frivolous, meritless, or groundless arguments. See sec. 6330(c)(2)(A); Holliday v. Commissioner, T.C. Memo. 2005-240; Kolker v. Commissioner, T.C.

Memo. 2004-288; <u>Tolotti v. Commissioner</u>, T.C. Memo. 2002-86, affd. 70 Fed. Appx. 971 (9th Cir. 2003).  Because petitioner raised only arguments the Tax Court has uniformly determined to be without merit, the settlement officer appropriately concluded the meeting.

Petitioner's arguments do not present justiciable issues; they ignore established law and give no basis for his claim that respondent abused his discretion in sustaining the Federal tax lien.  This Court concludes that respondent's determination to proceed with collection of the tax liabilities assessed against petitioner for 1999 was not an abuse of discretion.

In reaching these holdings, the Court has considered all arguments made and, to the extent not mentioned, concludes that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be</u>

<u>entered for respondent</u>.