T.C. Memo. 2011-112

UNITED STATES TAX COURT

ENOCH LEE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11951-08L.                    Filed May 25, 2011,

Enoch Lee, pro se.

<u>John D. Davis</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

MORRISON, <u>Judge</u>:  This case is an appeal by petitioner Enoch Lee, pursuant to sections 6320(c) and 6330(d)(1),[1] of a determination of the IRS Office of Appeals.  The determination concerned the attempt by the IRS to collect, through a levy and

_____

[1]All section references are to the Internal Revenue Code, as amended.

the filing of a notice of lien, Mr. Lee's income-tax liabilities for the taxable years 2001, 2002, and 2003.  For the reasons explained below, we sustain the determination.

## FINDINGS OF FACT

On September 5, 2006, the IRS issued two statutory notices of deficiency to Lee.  The first notice determined a deficiency in income tax for the 2002 taxable year.  The second notice determined deficiencies in income tax for the 2001 and 2003 taxable years.  For all three years, the statutory notices of deficiency determined that Lee owed additions to tax and penalties.  Although Lee received the statutory notices of deficiency, he did not file a Tax Court petition in response.[2] Nor did Lee pay the amounts determined in the statutory notices of deficiency.  The IRS assessed the unpaid amounts.  Within 60 days of the assessment, the IRS demanded payment of the assessed amounts.

On October 24, 2007, the IRS mailed Lee a notice that it intended to levy to collect his income-tax liabilities for the tax years 2001, 2002, and 2003.  On November 6, 2007, the IRS

---

[2]Sec. 6213(a) provides that once a statutory notice of deficiency has been issued, the taxpayer may file a Tax Court petition to challenge the determinations in the notice.  Lee testified that he did not file a petition with the Tax Court because he was ignorant of his rights under the Internal Revenue Code.  We infer from this testimony that he received the notices of deficiency.

filed a notice of tax lien on Lee's property to collect his income-tax liabilities for the tax years 2001, 2002, and 2003.[3]

Lee requested an administrative hearing regarding both the proposed levy and the filing of the notice of lien. As part of the hearing, the IRS Office of Appeals exchanged correspondence with Lee.[4] The Office of Appeals also scheduled a telephone conference with Lee to take place on March 6, 2008, but it is unclear whether the telephone conference actually took place. The Office of Appeals issued a notice of determination on April 28, 2008. The Office of Appeals determined that the levy should be made and that the notice of lien should remain filed. The notice of determination stated that the levy and lien actions were in accordance with legal and procedural requirements. The notice listed nine specific requirements that had been met. As part of this list, the notice stated: "Assessment was made on the applicable CDP notice periods per IRC § 6201". The notice of determination did not specifically state that a notice of deficiency had been issued. The notice of determination stated

_____

[3]Also on this date, the IRS mailed a notice to Lee that it had filed the notice of tax lien.

[4]Letters between the taxpayer and the Office of Appeals can form part of the hearing. See sec. 301.6330-1(d)(2), A-D6, Proced. & Admin. Regs. ("A CDP hearing may, but is not required to, consist of a face-to-face meeting, one or more written or oral communications between an Appeals officer or employee and the taxpayer or the taxpayer's representative, or some combination thereof.").

that during the hearing Lee had failed to raise any specific challenges to the existence or amounts of his underlying tax liabilities.[5]

Lee filed a petition with the Tax Court to challenge the notice of determination. On January 30, 2009, the respondent (whom we refer to as the IRS) filed a motion to remand the case. The motion stated that during the collection-review hearing the Office of Appeals had "determined that petitioner was not entitled to challenge the underlying liabilities for tax years 2001, 2002, and 2003 in the CDP proceeding, because he had a previous opportunity to contest these liabilities and had failed to do so."[6] The motion continued: "Upon further analysis, counsel for respondent has determined that there is insufficient evidence contained in the administrative file for denying the petitioner an opportunity to challenge the underlying tax liabilities for the taxable years 2001, 2002, and 2003." The motion stated therefore that "The petitioner should be permitted a conference with the Office of Appeals, with respect to which

---

[5]The notice of determination said: "The taxpayer mentioned in his correspondence that a person may also raise at the hearing challenges to the existence or amount of the underlying tax liability but he did not provide a specific request concerning his liability."

[6]As noted earlier, the notice of determination said that Lee had failed to specifically challenge the underlying liabilities at the hearing. The notice did not say whether Lee had had a previous opportunity to challenge the underlying liabilities.

the Office of Appeals will give additional consideration to petitioner's challenges of his tax liabilities."  On February 2, 2009, the Tax Court granted the IRS motion for remand and ordered that "this case is remanded to respondent's Office of Appeals for the purpose of conducting a face-to-face hearing to give petitioner an opportunity to challenge his underlying tax liabilities for 2001, 2002, and 2003."  It further ordered that the "hearing shall take place at a reasonable and mutually agreed upon date and time, but no later than May 4, 2009."

After the Court issued the remand order, the Office of Appeals assigned Lee's collection-review case to Joseph Session of the Sacramento Office of Appeals.  It fell to Session to hold the face-to-face hearing the Court's remand order required.  From March 3 through May 20, 2009, Session and Lee exchanged at least ten letters.  The letters covered three basic topics.

The first topic was Session's proposal that Lee meet with the IRS "Compliance Division" before the face-to-face meeting with the Office of Appeals.  A meeting with the Compliance Division was necessary, Session claimed, for the following reason:  "Appeals is not an examination function, so in order to address the liability issue you raised in your request the examination issues need to be developed."  Lee wrote back that he declined to meet with the Compliance Division.

The second topic of the correspondence was Session's request that Lee identify the issues he wished to raise at the hearing. In response to this request, Lee stated that he would raise all issues that a taxpayer could raise under section 6330. However, Lee stated that he would not raise these issues until the face-to-face meeting.

The third topic of the correspondence was Session's request for documents in advance of the face-to-face meeting. Sessions requested that Lee fill out financial statements and file overdue tax returns. The Office of Appeals generally requires these documents in order to consider alternatives to collection. See, e.g., sec. 301.6330-1(e)(1), Proced. & Admin. Regs. ("Taxpayers will be expected to provide all relevant information requested by Appeals, including financial statements, for its consideration of the facts and issues involved in the hearing."); Giamelli v. Commissioner, 129 T.C. 107, 111-112 (2007) ("Internal Revenue Service guidelines require a taxpayer to be current with filing and payment requirements to qualify for an installment agreement."). Session also requested documents relevant to the calculation of Lee's tax liabilities, including those that would substantiate deductions. Lee promised he would bring all of the requested documents with him to the face-to-face meeting.

Lee and Session finally arranged to meet in person on May 22, 2009. When Lee arrived at the meeting, he found that Session

was accompanied by another IRS employee that Session introduced as a "compliance officer".[7] Lee told Session that he would not meet with the compliance officer. They argued about this for a while. Finally Session asked the compliance officer to leave the room. After the compliance officer left, Lee discussed some administrative errors that he contended the IRS had committed in the handling of his case. Lee refused to discuss any other issues because, he said, he was not satisfied that no administrative errors had occurred. Then the meeting concluded.

On May 28, 2009, the Office of Appeals issued a determination that was supplemental to the April 28, 2008 determination. In the supplemental determination the Office of Appeals stated that the arguments that Lee had presented were mainly procedural and legal challenges to the liabilities; that Lee did not present any evidence to challenge the liabilities; that Lee did not present any acceptable collection alternatives; and that the levy and lien actions struck the proper balance between the need for efficient tax collection and Lee's concern that the collection actions be no more intrusive than necessary. The Office of Appeals concluded that the levy and lien actions were in accordance with legal and procedural requirements. The

---

[7]The "compliance officer" was likely a revenue agent--an IRS employee who examines tax returns. There is no evidence in the record that the "compliance officer" who attended the meeting was the same revenue agent who had conducted the audit of Lee that had resulted in the statutory notices of deficiency being issued for 2001, 2002, and 2003.

Office of Appeals did not list any specific requirements that had been met.  The Office of Appeals stated that Lee's liabilities had already been established by statutory notices of deficiency and that Lee had received these notices.  The levy and lien actions were sustained in full.

## OPINION

The Court generally reviews determinations of the Office of Appeals for abuse of discretion.  <u>Goza v. Commissioner</u>, 114 T.C. 176, 181-182 (2000).  An abuse of discretion has occurred if the determination is "arbitrary, capricious, or without sound basis in fact or law."  <u>Giamelli v. Commissioner</u>, 129 T.C. 107, 111 (2007).

1.   <u>The Sufficiency of the Hearing on Remand</u>

Lee argues that his meeting with the IRS Office of Appeals after the remand failed to qualify as a hearing within the meaning of section 6330 of the Internal Revenue Code, and that it also failed to qualify as the "face-to-face" hearing required by the Tax Court's remand order.  Lee cites two alleged defects in the meeting.  First, he argues that Session erred in attempting to insist that Lee meet with a compliance officer on May 22, 2009.  Second, he argues that Session did not allow him to raise issues of concern.

a.   The Temporary Presence of the Compliance Officer

We first address Lee's argument that the presence of the compliance officer prevented him from receiving the hearing required by the Internal Revenue Code and by the Court's remand order.  Section 6330(a)(1) provides that the IRS may not make a levy on the property of a taxpayer until it notifies the taxpayer of a right to a "hearing under this section [i.e., section 6330] before such levy is made".  If the taxpayer requests the hearing, the "hearing shall be held by the Internal Revenue Service Office of Appeals."  Sec. 6330(b)(1).  Section 6330(b)(3) requires the hearing to "be conducted by an officer or employee who has had no prior involvement with respect to the unpaid tax".  Section 6330(c)(2)(A) requires that the taxpayer be allowed to "raise at the hearing any relevant issue relating to the unpaid tax or the proposed levy".  A similar hearing must be offered after the IRS files a notice of lien.  Sec. 6320(a)(1); (a)(3)(B); (b)(1); (b)(3); (c).  Lee contends that the presence of the "compliance officer" in his meeting with Appeals Officer Session meant that he did not receive a hearing with the Office of Appeals.  Even assuming that the presence of the compliance officer prevented the meeting from qualifying as a hearing "held" and "conducted" by the Office of Appeals, this disqualification evaporated once Lee was left alone with Session.

Similarly the presence of the compliance officer at the meeting did not contravene our remand order of February 2, 2009. In our order, we directed that "this case be remanded to respondent's Office of Appeals for the purpose of conducting a face-to-face hearing". Session met with Lee after the compliance officer left the room. Thus Lee had a "face-to-face hearing" with the Office of Appeals, as we directed.

b. Whether Lee Was Allowed To Raise Issues

We find that Session gave Lee ample opportunity to raise any issues about the unpaid tax, the proposed levy, and the filing of the lien notice. Even before the face-to-face meeting, Session encouraged Lee to identify the issues that Lee wanted to raise. Lee refused to describe any issues in written correspondence. He stated that he would discuss all the issues he wanted to raise at the face-to-face meeting. But at the face-to-face meeting Lee refused to discuss anything other than administrative errors that he alleged had occurred in the handling of his case. Session then concluded the meeting. We do not believe Session erred in his handling of the meeting or the hearing as a whole. Lee argues that Session should have verified that no agency errors had occurred and, once having done that, allowed Lee to raise issues other than agency errors. The statute governing collection-review hearings does not require such a two-stage procedure. The statute requires the Office of Appeals to verify

that the requirements of applicable law or administrative procedure have been met "at the hearing". Sec. 6330(c)(1). Similarly, the statute provides that the taxpayer must be given an opportunity to raise issues "at the hearing". Sec. 6330(c)(2)(A). But the statute does not require that verification precede the opportunity for the taxpayer to raise issues. Because Lee raised no additional issues after being given an opportunity to do so, Session was not wrong in sustaining the collection actions. See Hathaway v. Commissioner, T.C. Memo. 2004-15, slip. op. at 8 (taxpayer failed to raise issues regarding tax liability).

2.    The Determination With Respect to the Required Verifications

During a collection-review hearing, the Office of Appeals must obtain verification from the IRS that the requirements of any applicable law or administrative procedure have been met. See sec. 6330(c)(1). In both its initial notice of determination and its supplemental notice of determination on remand, the Office of Appeals concluded that the requirements of applicable law and administrative procedure had been met.[8]  In his petition,

---

[8]In its motion to remand, the IRS stated that the administrative record was insufficient to establish that Lee should have been denied an opportunity to contest his tax liabilities. We do not take this as an admission that the administrative record did not establish that Lee had received a notice of deficiency. See sec. 6330(c)(2)(B) (generally only taxpayers who do not receive notices of deficiency may raise the issue of tax liability at a collection-review hearing). Even if the administrative record did not show that Lee had received a
(continued...)

Lee did not identify any errors allegedly made by the Office of
Appeals in verifying that applicable legal and procedural
requirements had been met. He has therefore waived any challenge
based on such errors. See Tax Court Rule of Practice and
Procedure 331(b)(4). And although he raised agency errors with
the Office of Appeals during his hearing on remand, his posttrial
briefs did not allege any particular errors made by the Office of
Appeals in obtaining verification from the IRS that the
requirements of any applicable law or administrative procedure
had been met. See sec. 6330(c)(1). We limit our review of the
determinations of the Office of Appeals to those errors the
taxpayer identified in this Court. We therefore find that Lee
has waived any verification-related challenge he may have to the
supplemental determination of the Office of Appeals. See Med.
Practice Solutions, LLC v. Commissioner, T.C. Memo. 2010-98,
slip. op. at 23 (taxpayer failed to renew argument that Office of
Appeals erred in failing to enter into installment agreement).

3. The Determination With Respect to Lee's Underlying Tax
   Liabilities

At collection-review hearings, the taxpayer is allowed to
challenge the amount and existence of the underlying tax
liability, but only if the taxpayer "did not receive any

_____

[8](...continued)
notice or notices of deficiency, it still could have shown that
notices of deficiency had been issued. Thus, the IRS's motion to
remand does not signify that the Office of Appeals failed to
verify that notices of deficiency had been issued.

statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." Sec. 6330(c)(2)(B). In its determination the Office of Appeals must consider the underlying tax liability if the taxpayer properly challenged it. Sec. 6330(c)(3)(B). Even though Lee received the notices of deficiency, and even though section 6330(c)(2)(B) precludes a taxpayer who has received a notice of deficiency from challenging the amount of tax liability at a collection-review hearing at the Office of Appeals, the IRS moved to remand the case to the Office of Appeals to permit Lee to challenge his underlying tax liabilities. In the hearing conducted after the remand, Lee did not present evidence or argument on why he was not liable for income taxes, additions to tax, or penalties. He therefore did not properly raise the issue of tax liability at the hearing on remand. Section 301.6330-1(f)(2), A-F3, Proced. & Admin. Regs., provides:

> In seeking Tax Court review of a Notice of Determination, the taxpayer can only ask the court to consider an issue, including a challenge to the underlying tax liability, that was properly raised in the taxpayer's CDP hearing. An issue is not properly raised if the taxpayer fails to request consideration of the issue by Appeals, or if consideration is requested but the taxpayer fails to present to Appeals any evidence with respect to that issue after being given a reasonable opportunity to present such evidence.

We are barred from reaching the issue of tax liability.[9]

---

[9]We need not reach the IRS's additional argument that
(continued...)

All arguments not addressed here are redundant, irrelevant, or meritless.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.

---

[9](...continued)
because Lee had received the notices of deficiency he was barred from challenging the tax liabilities.