T.C. Summary Opinion 2013-24


UNITED STATES TAX COURT


DEBORAH L. ANDERSON, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 7978-12S L.                    Filed March 21, 2013.


Deborah L. Anderson, pro se.

John M. Janusz, for respondent.


SUMMARY OPINION


RUWE, Judge:  The petition in this case was filed pursuant to the provisions

of section 7463[1] of the Internal Revenue Code.  Pursuant to section 7463(b), the

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue
Code in effect at all relevant times, and all Rule references are to the Tax Court
Rules of Practice and Procedure.

decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case. This matter is before the Court on respondent's motion for summary judgment (motion) pursuant to Rule 121. Respondent contends that no genuine dispute exists as to any material fact and that the determination to collect petitioner's income tax liability by levy should be upheld. Petitioner has not responded to the motion, despite an order from this Court instructing her to do so.[2]

## Background

At the time the petition was filed, petitioner resided in New York.

Petitioner timely filed her 2008 Federal income tax return. Respondent examined petitioner's return and determined that her tax liability was greater than the liability reported on her return. On July 19, 2010, respondent issued a notice of deficiency to petitioner. Petitioner did not petition the Court with respect to the deficiency. On December 6, 2010, respondent assessed the additional taxes and interest.

Respondent sent petitioner a Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing, dated September 26, 2011, advising her that

---

[2]By order dated November 29, 2012, the Court directed petitioner to file a response on or before January 14, 2013. No response was filed by petitioner.

respondent intended to levy to collect the unpaid tax liability for the taxable year 2008 and that she could request a hearing with respondent's Office of Appeals. Petitioner submitted a timely Form 12153, Request for a Collection Due Process or Equivalent Hearing, in which she requested a collection alternative because she could not pay the balance. On Form 12153 petitioner also stated that she received a refund of the earned income credit that respondent taxed as "investment income". By letter dated December 29, 2011, respondent's settlement officer acknowledged receipt of petitioner's collection due process (CDP) hearing request and scheduled a telephone conference call for January 26, 2012. In the letter the settlement officer requested that petitioner provide a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, so that she could make a decision regarding petitioner's request for a collection alternative.

Petitioner did not call the settlement officer on January 26, 2012. By letter dated January 26, 2012, the settlement officer informed petitioner that she had not called the settlement officer for the scheduled CDP hearing. The letter stated that petitioner had not provided the requested financial information and that she would have 14 days to provide the information. Petitioner called the settlement officer on February 1, 2012, and left a voice mail message stating that she "is already

dealing with someone." On February 2, 2012, the settlement officer returned petitioner's telephone call and left a voice mail message requesting a return call. Petitioner did not contact the settlement officer after February 2, 2012, and never provided the settlement officer with a completed Form 433-A.

Respondent issued petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, dated February 27, 2012, sustaining the levy action. Petitioner timely filed a petition with this Court.

## Discussion

Summary judgment is intended to expedite litigation and to avoid unnecessary and expensive trials. Shiosaki v. Commissioner, 61 T.C. 861, 862 (1974). Summary judgment may be granted where the pleadings and other materials show that there is no genuine dispute as to any material fact and that a decision may be rendered as a matter of law. Rule 121(a) and (b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). The burden is on the moving party to demonstrate that no genuine dispute as to any material fact remains and that he is entitled to judgment as a matter of law. FPL Grp., Inc. & Subs. v. Commissioner, 116 T.C. 73, 74-75 (2001). In all cases, the evidence is viewed in the light most favorable to the nonmoving party. Bond v. Commissioner, 100 T.C. 32, 36 (1993). However, the nonmoving party is required

"to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); see also Rauenhorst v. Commissioner, 119 T.C. 157, 175 (2002); FPL Grp., Inc. & Subs. v. Commissioner, 115 T.C. 554, 559 (2000). Petitioner failed to respond to the motion and has failed to demonstrate that there is a genuine dispute for trial.[3] Consequently, we conclude that there is no dispute as to any material fact and that a decision may be rendered as a matter of law.

Section 6331(a) provides that if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, then the Secretary is authorized to collect such tax by levy upon the person's property. Section 6331(d) provides that, at least 30 days before enforcing collection by way of a levy on the person's property, the Secretary is obliged to provide the person with a final notice of intent to levy, including notice of the administrative appeals available to the person. If a taxpayer requests a CDP hearing, she may raise at that hearing

---

[3]By failing to respond to the assertions in the motion, petitioner waived her right to contest them. See Rule 121(d); Lunsford v. Commissioner, 117 T.C. 183, 187 (2001); Akonji v. Commissioner, T.C. Memo. 2012-56, 2012 Tax Ct. Memo LEXIS 49, at *6.

any relevant issue relating to the unpaid tax or proposed levy. Sec. 6330(c)(2). Relevant issues include possible alternative means of collection. Sec. 6330(c)(2)(A)(iii).

If a taxpayer's underlying liability is properly at issue, the Court reviews any determination regarding the underlying liability de novo. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). A taxpayer is precluded from disputing the underlying liability if it was not properly raised in the CDP hearing. See Giamelli v. Commissioner, 129 T.C. 107, 114 (2007). An issue is not properly raised in the CDP hearing if "the taxpayer fails to present to Appeals any evidence with respect to that issue after being given a reasonable opportunity to present such evidence." Sec. 301.6330-1(f)(2), A-F3, Proced. & Admin. Regs.; see also Lee v. Commissioner, T.C. Memo. 2011-112, 2011 Tax Ct. Memo LEXIS 111, at *15-*16. Petitioner failed to attend the CDP hearing or provide the settlement officer with any documentation of the disputed liability. As a result, petitioner did not properly raise her underlying liability in the CDP hearing. Consequently, petitioner's underlying tax liability is not properly before the Court.[4]

---

[4]Also, pursuant to sec. 6330(c)(2)(B) a person may not raise the underlying liability if she received a notice of deficiency. Petitioner has never claimed that she did not receive the notice of deficiency.

The Court reviews administrative determinations by the Commissioner's Office of Appeals regarding nonliability issues for abuse of discretion. Hoyle v. Commissioner, 131 T.C. 197, 200 (2008); Goza v. Commissioner, 114 T.C. at 182. The determination of the Office of Appeals must take into consideration: (1) the verification that the requirements of applicable law and administrative procedure have been met; (2) issues raised by the taxpayer; and (3) whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection be no more intrusive than necessary. Secs. 6320(c), 6330(c)(3); see also Lunsford v. Commissioner, 117 T.C. 183, 184 (2001). The settlement officer properly based the determination on the factors required by section 6330(c)(3).

Generally, it is not an abuse of discretion for the settlement officer to deny a taxpayer's request for a collection alternative when the taxpayer does not provide collection information requested by the settlement officer. See Olsen v. United States, 414 F.3d 144, 154 (1st Cir. 2005); Sapp v. Commissioner, T.C. Memo. 2006-104, 2006 Tax Ct. Memo LEXIS 105, at *30. The settlement officer requested that petitioner provide a completed Form 433-A. Petitioner did not provide the requested information. "In the absence of the requested information, respondent's settlement officer did not abuse her discretion in denying petitioner's

request for collection alternatives." <u>Yoel v. Commissioner</u>, T.C. Memo. 2012-222, at *8 (citing <u>Wright v. Commissioner</u>, T.C. Memo. 2012-24, 2012 Tax Ct. Memo LEXIS 25, at *7-*8).  As a result, respondent's determination is sustained.

To reflect the foregoing,

<u>An appropriate order will be</u>

<u>issued granting respondent's motion,</u>

<u>and decision will be entered for</u>

<u>respondent</u>.