T.C. Memo. 2013-128

UNITED STATES TAX COURT

JULIE BEILER ZOOK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9773-12L.                     Filed May 20, 2013.

Julie Beiler Zook, pro se.

<u>Kristina L. Rico</u>, for respondent.

MEMORANDUM OPINION

RUWE, <u>Judge</u>:  This matter is before the Court on respondent's motion for

summary judgment (motion) pursuant to Rule 121.[1]  Respondent contends that no

_____

[1]Unless otherwise indicated, all Rule references are to the Tax Court Rules of
Practice and Procedure, and all section references are to the Internal Revenue Code
in effect at all relevant times.

**[\*2]** genuine dispute exists as to any material fact and that the determination to maintain a notice of Federal tax lien filed under section 6323 should be sustained. In the motion respondent has also requested the Court to admonish or penalize petitioner under section 6673 for raising frivolous arguments.

## Background

At the time the petition was filed, petitioner resided in Pennsylvania.

Petitioner failed to file Federal income tax returns for the taxable years 2004, 2005, and 2006 (years at issue). Respondent prepared substitutes for returns (SFRs) for the years at issue pursuant to section 6020(b). On February 11, 2009, respondent mailed a notice of deficiency to petitioner's last known address.[2] Petitioner did not petition the Court with respect to the deficiencies. On June 29, 2009, respondent assessed the tax liabilities, additions to tax, and interest for the years at issue.

Respondent filed a notice of Federal tax lien regarding petitioner's unpaid tax liabilities for the years at issue. Respondent sent petitioner a Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320, dated February 1, 2011. Petitioner submitted a timely letter requesting a separate collection due process (CDP) hearing for each of the three taxable years in the

---

[2]We note that petitioner acknowledged she received the notice of deficiency.

[*3] notice of Federal tax lien. Petitioner's CDP hearing request did not request a collection alternative. By letter dated August 23, 2011, respondent acknowledged receipt of petitioner's CDP hearing request and scheduled a telephone hearing for September 27, 2011. On August 30, 2011, petitioner sent respondent a letter demanding that the CDP hearing be held in person in or near Intercourse, Pennsylvania. The settlement officer scheduled a face-to-face hearing for January 24, 2012, in Philadelphia, Pennsylvania. On that date petitioner's husband, Isaac Zook, called the settlement officer and informed him that petitioner could not attend the CDP hearing.

On February 27, 2012, a face-to-face CDP hearing was held. Petitioner attended the CDP hearing with her husband and two other family members. Petitioner acknowledged that she received the notice of deficiency. Petitioner did not request a collection alternative. Petitioner's husband argued that she did not receive proper notice from the Commissioner and that the assessments were not constitutional.[3]

---

[3]In a prior proceeding petitioner's husband had made frivolous and groundless arguments and had been warned that a sec. 6673(a)(1) penalty might be imposed if he pursued similar arguments to this Court in the future. Zook v. Commissioner, T.C. Dkt. No. 17807-07 (Oct. 16, 2008) (Zook I) (order and decision).

**[\*4]**    Respondent issued petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, dated March 16, 2012, determining that all legal and procedural requirements in the filing of the notice of Federal tax lien had been followed and that the notice of Federal tax lien was appropriate.  The notice of determination advised petitioner of the section 6673(a)(1) penalty for frivolous or groundless arguments.  Petitioner timely filed a petition.

## Discussion

Summary judgment is intended to expedite litigation and to avoid unnecessary and expensive trials.  Shiosaki v. Commissioner, 61 T.C. 861, 862 (1974). Summary judgment may be granted where the pleadings and other materials show that there is no genuine dispute as to any material fact and that a decision may be rendered as a matter of law.  Rule 121(a) and (b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994).  The burden is on the moving party to demonstrate that no genuine dispute as to any material fact remains and that he is entitled to judgment as a matter of law.  FPL Grp., Inc. & Subs. v. Commissioner, 116 T.C. 73, 74-75 (2001).  In all cases, the evidence is viewed in the light most favorable to the nonmoving party. Bond v. Commissioner, 100 T.C. 32, 36 (1993).  However, the nonmoving party is

**[\*5]** required "to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324 (1986); <u>see also</u> <u>Rauenhorst v. Commissioner</u>, 119 T.C. 157, 175 (2002); <u>FPL Grp., Inc. & Subs. v. Commissioner</u>, 115 T.C. 554, 559 (2000). We conclude that there is no dispute as to any material fact and that a decision may be rendered as a matter of law.

Section 6321 provides that if any person liable to pay any tax neglects or refuses to do so after demand, the amount shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person. Section 6323 authorizes the Commissioner to file a notice of Federal tax lien. Pursuant to section 6320(a) the Commissioner must provide the taxpayer with notice of and an opportunity for an administrative review of the propriety of the filing. <u>See</u> <u>Katz v. Commissioner</u>, 115 T.C. 329, 333 (2000). If a taxpayer requests a CDP hearing, she may raise at that hearing any relevant issue relating to the unpaid tax or the lien. Secs. 6330(c)(2), 6320(c). Relevant issues include challenges to the underlying liability or possible alternative means of collection. Sec. 6330(c)(2).

**[\*6]** If a taxpayer's underlying liability is properly at issue, the Court reviews any determination regarding the underlying liability de novo. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Pursuant to section 6330(c)(2)(B) a person may not raise the underlying liabilities if she received a notice of deficiency. Petitioner acknowledged that she received a notice of deficiency. Furthermore, in her opposition to motion for summary judgment petitioner did not deny that the notice of deficiency was sent to her last known address. We therefore find that petitioner received a notice of deficiency and is thereby precluded from raising an issue regarding the underlying liabilities.

A taxpayer is also precluded from disputing the underlying liability if it was not properly raised in the CDP hearing. See Giamelli v. Commissioner, 129 T.C. 107, 114 (2007). An issue is not properly raised in the CDP hearing if "the taxpayer fails to present to Appeals any evidence with respect to that issue after being given a reasonable opportunity to present such evidence." Sec. 301.6320-1(f)(2), A-F3, Proced. & Admin. Regs.; see also Lee v. Commissioner, T.C. Memo. 2011-112, 2011 Tax Ct. Memo LEXIS 111, at \*15-\*16. In the amended petition, petitioner asserted that she "received no 'income' in the years

[*7] alleged."[4]  Petitioner failed to provide the settlement officer with any documentation of the disputed liabilities.  As discussed later, petitioner's position that she received no income was based on frivolous arguments.  As a result, petitioner did not properly raise her underlying liabilities in the CDP hearing.  Consequently, petitioner's underlying tax liabilities are not properly before the Court.

The Court reviews administrative determinations by the Commissioner's Office of Appeals regarding nonliability issues for abuse of discretion.  Hoyle v. Commissioner, 131 T.C. 197, 200 (2008); Goza v. Commissioner, 114 T.C. at 182.  The determination of the Office of Appeals must take into consideration:  (1) the verification that the requirements of applicable law and administrative procedure have been met; (2) issues raised by the taxpayer; and (3) whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection be no more intrusive than necessary.  Secs. 6320(c), 6330(c)(3); see also Lunsford v. Commissioner, 117 T.C. 183, 184 (2001).  The settlement officer properly based his determination on the factors required by section 6330(c)(3).  Petitioner did not request any

_____

[4]Respondent determined that petitioner had taxable income of $220,608 for 2004, $298,760 for 2005, and $275,542 for 2006.

[*8] collection alternatives. Furthermore, nothing in petitioner's pleadings indicates that the settlement officer abused his discretion. Accordingly, we hold that the settlement officer did not abuse his discretion. As a result, respondent's determination is sustained.

Section 6673 Penalty

In the motion respondent has requested the Court to admonish or impose a penalty on petitioner under section 6673(a)(1). Section 6673(a)(1) authorizes the Court to impose a penalty not to exceed $25,000 if the taxpayer took frivolous positions in the proceeding or instituted the proceeding primarily for delay. A taxpayer's position is frivolous if it is "'contrary to established law and unsupported by a reasoned, colorable argument for change in the law.'" Williams v. Commissioner, 114 T.C. 136, 144 (2000) (quoting Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986)).

The notice of determination advised petitioner that this Court may impose the section 6673(a)(1) penalty against her if she raises frivolous or groundless arguments. Petitioner did not heed this advice and made the following arguments in her amended petition and in her opposition to motion for summary judgment:

[*9] (1) she was not properly served with notice under section 6001;[5] (2) the SFRs constitute evidence of computer fraud and are a fraud on this Court; (3) the notice of deficiency is a nullity and constitutes evidence of mail fraud; (4) the notice of Federal tax lien is a nullity and constitutes evidence of mail fraud; (5) respondent is "exercising such powers through an officer other than the officer specified in law" and "in the absence of proof of jurisdiction"; and (6) "[p]etitioner received no 'income'", citing Eisner v. Macomber, 252 U.S. 189 (1920), Doyle v. Mitchell Bros. Co., 247 U.S. 179 (1918), and Merchants' Loan & Trust Co. v. Smietanka, 255 U.S. 509 (1921). The amended petition included many of the same arguments the Court deemed frivolous in Zook I ("The petition set forth various frivolous arguments".). As to the various arguments that petitioner has raised, "[w]e perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984); see also Holliday v. Commissioner, T.C. Memo. 2005-240, 2005 Tax Ct. Memo LEXIS 239, at *8. We find that petitioner advanced frivolous arguments primarily

---

[5]Sec. 6001 requires that taxpayers "shall keep such records, render such statements, make such returns, and comply with such rules and regulations as the Secretary may from time to time prescribe." Sec. 6001 does not require the Secretary to serve notice upon a taxpayer.

**[\*10]** for the purpose of delay and require that she pay a penalty of $2,000 to the United States pursuant to section 6673(a)(1).  We also warn petitioner that we will consider imposing a larger penalty if she returns to the Court and advances frivolous or groundless arguments in the future.

In reaching our decision, we have considered all arguments made by the parties, and to the extent not mentioned or addressed, they are irrelevant or without merit.

To reflect the foregoing,

<u>An appropriate order and</u>

<u>decision will be entered</u>.